**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 7 | |
| | ) | | |
| ROBERT WHEATLEY, | ) | No. 19 B 17777 | |
| | ) | | |
| Debtor. | ) | Judge Goldgar | |

**MEMORANDUM OPINION**

Chapter 7 debtor Robert Wheatley lives in Chicago but also owns a condominium in

Michigan that he and his wife hold as tenants by the entirety.  Wheatley has claimed an

exemption in the Michigan property under section 522(b)(3)(B) of the Bankruptcy Code.

Trustee Gregg Szilagyi objects to the exemption.  According to Szilagyi, Wheatley is an Illinois

resident and so is entitled under Illinois law to exempt only entireties property that serves as his

homestead – which the Michigan condo does not.  Szilagyi's objection raises a question on

which courts in this district have differed:  is the phrase "applicable nonbankruptcy law" in

section 522(b)(3)(B) limited to the law of the debtor's domicile state?

The answer is no.  Because the answer is no, the applicable nonbankruptcy law here is

the law of Michigan, where the condo is located.  Michigan does not limit its exemption for

entireties property to homestead property.  Szilagyi's objection will therefore be overruled.

**1.  Jurisdiction**

The court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and the district

court's Internal Operating Procedure 15(a).  This is a core proceeding.  28 U.S.C. §

157(B)(2)(B); *In re Vazquez*, 606 B.R. 432, 436 (Bankr. D. Kan. 2019).

## 2. Background

The facts come from the parties' papers, Wheatley's schedules, and the court's docket. No facts are in dispute.

Robert Wheatley owns a single-family home in Chicago. He and his wife also own a condominium in Buchanan, Michigan. Because the previous owners conveyed the condo to the Wheatleys jointly, under Michigan law they hold title as tenants by the entirety. *See In re VanConett Estate*, 262 Mich. App. 660, 667, 687 N.W.2d 167, 172 (2004) ("A deed or devise of real property to a husband and wife presumptively creates a tenancy by the entireties.").

In 2019, Wheatley filed a chapter 11 bankruptcy case. On his Schedule A/B, he disclosed both the Chicago and Michigan properties. (Dkt. No. 13). On his Schedule C, he claimed an exemption in the Chicago property under section 12-901 of the Illinois Code of Civil Procedure, 735 ILCS 5/12-901 (2018), the Illinois homestead exemption. (*Id.*).

Wheatley's case was eventually converted to chapter 7, and Gregg Szilagyi was appointed interim trustee. Some months later, Wheatley amended his Schedule A/B to clarify that he owned the Michigan property with his wife as tenants by the entirety. (Dkt. No. 141). (His original Schedule A/B as well as several amended versions had incorrectly listed Wheatley as the sole interest holder.) He also amended his Schedule C to claim an exemption in the Michigan property under section 522(b)(3)(B) of the Code. (*Id.*). Wheatley continued to claim the Illinois homestead exemption in the Chicago property. (*Id.*).

Szilagyi now objects to Wheatley's claim of exemption in the Michigan property. Citing *In re Giffune*, 343 B.R. 883 (Bankr. N.D. Ill. 2006), and a host of other decisions, Szilagyi contends that "applicable nonbankruptcy law" in section 522(b)(3)(B) "refers to the law of the Debtor's domicile state as reflected in Section 522(b)(3)(A) – or in this case, the state of

-2-

Illinois." (Obj. at 4). Because Illinois allows a tenancy by the entirety only in homestead property, *see* 765 ILCS 1005/1c (2018), and the Michigan property is not Wheatley's homestead, Szilagyi says the exemption must be disallowed. Wheatley disagrees.

## 3. Discussion

Szilaygyi's objection will be overruled. The better reading of section 522(b)(3) is that "applicable nonbankruptcy law" has nothing to do with the debtor's domicile state – and although Szilagyi's papers suggest otherwise, most courts have taken that view. The applicable nonbankruptcy law here is the law where the property is located: Michigan.

The filing of a bankruptcy petition creates an estate consisting of the debtor's property. 11 U.S.C. § 541(a). The definition of estate property is "broad," *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983), encompassing "all legal or equitable interests of the debtor in property," 11 U.S.C. § 541(a). Despite its breadth, though, not all property is property of the estate. Some property is excluded. *See* 11 U.S.C. §§ 541(b), (c). And even when property is not excluded, the Code allows a debtor to exempt certain property from administration for the benefit of creditors. *See* 11 U.S.C. § 522(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992).

The Code allows some debtors to choose the exemptions they can claim. They can claim the exemptions either in section 522(b)(2) or in section 522(b)(3). Other debtors, though, have no choice. They can claim the exemptions in section 522(b)(2) (often called the "federal" exemptions, *see, e.g., In re Stinnett*, 465 F.3d 309, 314 n.3 (7th Cir. 2006)) – "unless the State law that is applicable to the debtor . . . does not so authorize," 11 U.S.C. § 522(b)(2). If state law prohibits using those exemptions, the debtor can claim only the exemptions in section 522(b)(3). *See* 11 U.S.C. § 522(b)(2). Illinois has "opted out" of the federal exemptions, *see* 735 ILCS

-3-

5/12–1201 (2018), so Illinois debtors are limited to the exemptions in section 522(b)(3), *In re Lantz*, 446 B.R. 850, 853 n.2 (Bankr. N.D. Ill. 2011).[1/]

Section 522(b)(3) offers three exemptions, only two of which are relevant here.  Section 522(b)(3)(A) allows a debtor like Wheatley to exempt any property that is "exempt under . . . State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located [in the 730 days prepetition]."  11 U.S.C. § 522(b)(3)(A).  Section 522(b)(3)(A), in other words, allows a debtor in an opt-out state to claim the state law exemptions.  Section 522(b)(3)(B), in contrast, is specialized and limited.  It allows a debtor to exempt "any interest in property in which the debtor had . . . an interest as a tenant by the entirety or joint tenant to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."  11 U.S.C. § 522(b)(3)(B).

Szilagyi's position – that "applicable nonbankruptcy law" in section 522(b)(3)(B) is limited to the law of the debtor's domicile state – would read the provision out of the Code.  Section 522(b)(3)(B) nowhere mention the debtor's domicile state.  Domicile only limits the exemptions a debtor can claim under section 522(b)(3)(A).  Because a debtor claiming

---

[1/]     Courts sometimes say that because of the "opt out,"an Illinois debtor can claim only the Illinois state law exemptions.  *See, e.g., Lantz*, 446 B.R. at 853 n.2; *In re Driskell*, No. 08-40475, 2008 WL 4670995, at *1 n.3 (Bankr. S.D. Ill. Oct. 17, 2008) (stating that because "Illinois has opted out . . . Illinois debtors must rely on the exemptions provided by Illinois law").  Not quite.  A debtor in an "opt out" state like Illinois can claim both the state law exemptions through section 522(b)(3)(A) and the exemptions in sections 522(b)(3)(B) and (C).  *In re Bauman*, No. 11 B 32418, 2014 WL 816407, at *12 n.12 (Bankr. N.D. Ill. Mar. 4, 2014).

*In re Burciaga*, 944 F.3d 681 (7th Cir. 2019), does declare that "[e]xemptions for debtors in Illinois rest on state law, for it has exercised its right under 11 U.S.C. § 522(b)(2) to make local exemptions exclusive."  *Id.* at 683.  But in making that declaration, *Burciaga* was not saying the exemptions in sections 522(b)(3)(B) and (C) are unavailable to Illinois debtors, as Szilagyi suggests.  (*See* Obj. at 3-4; Reply at 1-2).  *Burciaga* did not concern or even mention sections 522(b)(3)(B) and (C).

exemptions under section 522(b)(3)(A) can exempt property "exempt under State or local law," 11 U.S.C. § 522(b)(3)(A), a debtor in a state that exempts entireties property can already claim that exemption under section 522(b)(3)(A) without resorting to section 522(b)(3)(B). Under Szilagyi's reading, section 522(b)(3)(B) would be superfluous. A statute should not be read in a way that makes any part of it superfluous. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 644 (7th Cir. 2017); *In re Willett*, 544 F.3d 787, 792 (7th Cir. 2008). Whatever "applicable nonbankruptcy law" means, then, it cannot mean the law of the debtor's domicile state.

The district court reached this conclusion in *In re Holland*, 366 B.R. 825 (N.D. Ill. 2007), on nearly identical facts. In *Holland*, an Illinois debtor claimed the section 522(b)(3)(B) exemption in Florida entireties property that was not her homestead. The trustee objected, arguing that Illinois law applied and so the debtor could exempt only homestead entireties property. The court disagreed. "[I]f the debtor's domicile state has an exemption for property interests held in joint tenancy," the court said, "she can claim that exemption pursuant paragraph (b)(3)(A)." *Id.* at 828. If the trustee's interpretation were correct, and "'applicable nonbankruptcy law'" meant "the exemption law of the debtor's domicile state," section 522(b)(3)(B) would simply "echo" section 522(b)(3)(A). *Id.* at 828-29. The provision would be "meaningless, a violation of one of the basic tenets of statutory construction." *Id.* at 829.

Nearly all courts agree with *Holland*'s conclusion. *See, e.g., In re McNeilly*, 249 B.R. 576, 580-81 (B.A.P. 1st Cir. 2000); *In re McCallan*, ___ B.R. ___, 2021 WL 1845337, at *13 (Bankr. M.D. Ala. May 7, 2021); *In re DiStefano*, 610 B.R. 419, 426 (Bankr. N.D.N.Y. 2019), *aff'd*, 620 B.R. 687 (N.D.N.Y. 2020); *In re Capelli*, 518 B.R. 873, 878-79 (Bankr. N.D. W. Va. 2014); *In re Zolnierowicz*, 380 B.R. 84, 87 (Bankr. M.D. Fla. 2007); *In re Garrett*, 435 B.R. 434, 455 (Bankr. S.D. Tex. 2010); *In re Nelms*, No. 04-53521, 2005 WL 318802, at *3 (Bankr. E.D.

Mich. Feb. 4, 2005); *In re Weza*, 248 B.R. 470, 473-74 (Bankr. D.N.H. 2000) ("Section

522(b)(2)(B) does not limit 'applicable nonbankruptcy law' to the law of the debtor's

domicile"); *In re Cochrane*, 178 B.R. 1011, 1019-20 (Bankr. D. Minn. 1995).[2/]  So do secondary

sources.  *See, e.g.,* 4 *Collier on Bankruptcy*, *supra*, ¶ 522.10[3] at 522-94; 3 William L. Norton

III, *Norton Bankruptcy Law & Practice 3d* § 56:5 at 56-20 to 21 n.27 (3d ed. 2021).

To support his contrary position, Szilagyi relies on *Giffune*.  *Giffune* conceded that under

"a plain reading" of section 522(b)(3), section 522(b)(3)(B) ties a debtor's exemptions to his

domicile, and section 522(b)(3)(B) does not.  *Giffune*, 343 B.R. at 895.  Nonetheless, *Giffune*

said, section 522(b)(3) cannot be read "in a vacuum" but must be construed and applied "in

harmony with the Illinois exemption statute."  *Id.* at 895-96.  Although section 522(b)(3)(B) does

not mention the debtor's domicile state, the exemption in that provision is still "decidedly

dependent on state law."  *Id.* at 896.  Therefore, *Giffune* concluded, "'applicable nonbankruptcy

law' . . . is tied to exemptions allowable in the relevant state opting out of the federal

exemptions, which in this case is Illinois."  *Id.*

*Giffune* is unpersuasive.  The decision invoked the concept that statutes *in pari materia*

are construed together, *see* 2B Norman Singer & Shambie Singer, *Sutherland Statutory

Construction* § 51:2 (7th ed. 2021), and sought to "constru[e] section 522(b) and the Illinois

exemption statute in a harmonious manner."  *Giffune*, 343 B.R. at 896.  But there was no need to

harmonize them.  The question *Giffune* raised – the same question this case raises – is what

"applicable nonbankruptcy law" in section 522(b)(3) means, specifically whether "applicable

---

[2/]      Decisions before 2005 refer to section 522(b)(2)(B).  In 2005, the Bankruptcy
Abuse Prevention and Consumer Protection Act renumbered section 522(b), and section
522(b)(2) was redesignated section 522(b)(3).  *See* 4 *Collier on Bankruptcy* ¶ 522LH[5] at 522-
134 (Richard Levin & Henry J. Sommer, eds., 16th ed. 2021).

nonbankruptcy law" is limited to the law of the debtor's domicile state.  The answer lies in the

wording and structure of section 522(b)(3) itself, *see Holland*, 366 B.R. at 828-29, not in any

state's exemption law.  Acknowledging that section 522(b)(3)(B) is "decidedly dependent on

state law," *Giffune*, 343 B.R. at 896, and then concluding that the applicable law must be the law

of the debtor's domicile state, is to beg the question, not answer it.  No other decision has

followed *Giffune*'s lead.

Although no decision follows *Giffune*, Szilagyi makes it appear otherwise, citing a string

of decisions in his objection.  (Obj. at 4-5).  All but one of those decisions, though, concerned

section 522(b)(3)(A), not section 522(b)(3)(B), making them unhelpful.  *See In re Drenttel*, 403

F.3d 611 (8th Cir. 2005); *In re Arrol*, 170 F.3d 934 (9th Cir. 1999); *In re Stockburger*, 192 B.R.

908 (E.D. Tenn. 1996), *aff'd without op.*, 106 F.3d 402 (6th Cir. 1997); *In re Varanasi*, 394 B.R.

430 (Bankr. S.D. Ohio 2008).[3/]  The only decision Szilagyi cites that addresses section

522(b)(3)(B), *In re Anselmi*, 52 B.R. 479 (D. Wyo. 1985), involved a Wyoming debtor who

claimed his beneficial interest in a Mexican trust was exempt under Wyoming state law.  The

court disallowed the exemption because the debtor failed to prove Mexican law, and under

Wyoming law he did not hold the interest as a tenant by the entirety.  *Id.* at 490-91.  *Anselmi* is

equally unhelpful.

That leaves one final question:  which jurisdiction's "nonbankruptcy law" is in fact

"applicable" to Wheatley's exemption claim under section 522(b)(3)(B)?  *Holland* held out three

possibilities: (1) the law that applies under the domicile state's conflicts principles; (2) the law of

---

[3/]    Szilagyi lifted his string citation from *Giffune*.  *See Giffune*, 343 B.R. at 894.  In
*Giffune*, though, each citation other than *Anselmi* (and *Varanasi*, decided two years later) bore an
explanatory parenthetical noting that the decision concerned section 522(b)(3)(A).  *Id.*  In his
objection, Szilagyi omitted the parentheticals, giving the misimpression that the decisions stood
for his interpretation of section 522(b)(3)(B).  (Obj. at 4-5).

the state where the property is located; or (3) the law that applies under federal conflicts principles. *Holland*, 366 B.R. at 829-30. *Holland*, though, declined to choose an approach because "all three yield[ed] the same result," *id.* at 830, and that is also true here. Illinois applies the law of the property's situs to disputes about real property. *Republic Bank of Chi. v. 1st Advantage Bank*, 999 N.E.2d 9, 12 (Ill. App. Ct. 1st Dist. 2013). So does Michigan. *In re Miller*, 459 B.R. 657, 671-72 (B.A.P. 6th Cir. 2011). Federal law generally follows the Second Restatement, *Knauer v. Kitchens (In re Eastern Livestock Co.)*, 547 B.R. 277, 284 (Bankr. S.D. Ind. 2016), and the Restatement applies the law of the situs as well, *Holland*, 366 B.R. at 830.

In this case, then, all roads lead to the same place. Michigan law is the "applicable nonbankruptcy law." Since Wheatley owns the Michigan condo with his wife as tenants by the entirety, and since Michigan law exempts real property held in a tenancy by the entirety, Mich. Comp. Laws § 600.6023a (Supp. 2021); *Estes v. Titus*, 481 Mich. 573, 581, 751 N.W.2d 493, 498 (2008), the property is exempt under section 522(b)(3)(B). Szilagyi's objection will be overruled.

### 4. Conclusion

The objection of chapter 7 trustee Gregg Szilagyi to debtor Robert Wheatley's claim of exemption is overruled. A separate order will be entered consistent with this opinion.

Dated: July 29, 2021

_____
A. Benjamin Goldgar
United States Bankruptcy Judge